IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

|  |  |
|---|---|
| CAMERON MARTIN,          )<br>                          )<br>    Petitioner,         )<br>                          )<br>v.                        )<br>                          )<br>ANGELA OWENS,             )<br>                          )<br>    Respondent.        )<br>                          ) | Case No. 1:20-cv-01242-STA-jay |

**ORDER DISMISSING § 2241 PETITION FOR LACK OF SUBJECT MATTER JURISDICTION, CERTIFYING THAT APPEAL WOULD NOT BE TAKEN IN GOOD FAITH, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

Before the Court is the *pro se* Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("§ 2241 Petition") filed by Petitioner Cameron Martin.[1]  (ECF No. 1.)  The Court directed Respondent Angela Owens to respond to the § 2241 Petition.  (ECF No. 5.)  Respondent filed a response in opposition on December 1, 2020.  (ECF No. 7.)  Petitioner filed his reply on December 18, 2020.  (ECF No. 8.)

Petitioner seeks relief under § 2241 on the ground that he is actually innocent of his conviction under 18 U.S.C. § 922(g) based on the Supreme Court's decision in *Rehaif v. United*

---

[1] At the time Petitioner filed his § 2241 Petition, he was an inmate at the Federal Correctional Institution in Memphis, Tennessee ("FCI Memphis").  (ECF No. 1 at PageID 1.)  He has since been transferred to FCI McDowell in Welch, West Virginia.  Petitioner's Bureau of Prisons register number is 30333-076.  *See* Federal Bureau of Prisons, [Find an inmate](#) (last accessed Nov. 15, 2023).  "A district court's jurisdiction generally is not defeated when a prisoner who has filed a § 2241 petition while present in the district is involuntarily removed from the district while the case is pending."  *White v. Lamanna*, 42 F. App'x 670, 671 (6th Cir. 2002).  The Clerk is **DIRECTED** to change Petitioner's address on the docket.

*States*, 139 S. Ct. 2191 (2019).  (ECF No. 1 at PageID 5-7.)  For the following reasons, the Court dismisses the § 2241 Petition for lack of subject matter jurisdiction.

## BACKGROUND

On March 29, 2018, Martin pleaded guilty to being a felon in possession of a firearm, in violation of § 922(g)(1).  *United States v. Martin*, No. 1:17-cr-10062-STA-1, Judgment, ECF No. 34 at PageID 111 (W.D. Tenn. Mar. 29, 2018).  He was sentenced to 76 months of imprisonment.  (*Id*. at PageID 112.)  Martin did not file a direct appeal.  (Civ. No. 20-1242, ECF No. 1 at PageID 2.)  He did not file any motions under 28 U.S.C. § 2255.  (*Id*. at PageID 4.)  Instead, Martin filed the instant § 2241 Petition on October 26, 2020.  (*Id*. at PageID 1.)

## ANALYSIS

Petitioner seeks relief under § 2241 on the ground that he is actually innocent of his conviction under § 922(g) based on *Rehaif*.  (ECF No. 1 at PageID 5-7.)  He appears to be invoking the "saving clause" of § 2255(e), which provides as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

Respondent argues that the Court should not "entertain" the § 2241 Petition in this case because Petitioner did not file a § 2255 motion.  (ECF No. 7 at PageID 18.)  Respondent further argues that Petitioner has not shown that a § 2255 motion would be "inadequate or ineffective to test the legality of his detention," such that the saving clause of § 2255(e) would apply.  (*Id*.)

Courts construing § 2255(e) "have uniformly held that claims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentence shall be filed in the

2

sentencing court under . . . § 2255, and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under . . . § 2241." *Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999) (per curiam) (citations omitted); *see United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (explaining that § 2255 "is the primary avenue for relief for federal prisoners protesting the legality of their sentence, while § 2241 is appropriate for claims challenging the execution or manner in which the sentence is served."); *see also McCormick v. Butler*, 977 F.3d 521, 524 (6th Cir. 2020) ("When a federal prisoner collaterally attacks the validity of his sentence, rather than the conditions of his confinement, he must ordinarily proceed under § 2255, not § 2241."). The saving clause thus limits the Court's subject matter jurisdiction because "[a] district court has no jurisdiction over an application for habeas [relief] under [§] 2241 if the petitioner could seek relief under [§] 2255." *Taylor v. Owens*, 990 F.3d 493, 499 (6th Cir. 2021).

The Supreme Court held in *Rehaif* that in § 922(g) prosecutions, "the Government . . . must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it." 139 S. Ct at 2194. Petitioner argues, relying on *Rehaif*, that he is actually innocent of his § 922(g)(1) conviction because he did not know that he "belong[ed] to a category of persons barred from possessing a firearm." (ECF No.1 at PageID 5-7.)

The Sixth Circuit has interpreted § 2255(e)'s saving clause to allow claims of actual innocence based on Supreme Court decisions announcing new rules of statutory interpretation. *See, e.g., Peterman*, 249 F.3d at 461-62; *Taylor*, 990 F.3d at 499. The rule announced in *Rehaif* is a matter of statutory interpretation. *See* 139 S. Ct at 2194. The Supreme Court's recent decision in *Jones v. Hendrix*, 599 U.S. 465 (2023), forecloses any argument that Petitioner could

3

proceed under § 2241 with his *Rehaif*-based actual innocence claim. In *Jones*, the Supreme Court rejected the argument that § 2255(e)'s saving clause allowed a prisoner to seek relief under § 2241 based on *Rehaif*. 599 U.S. at 471.

Petitioner's challenge to the validity of his conviction is the type of collateral attack that would ordinarily be brought under § 2255, not § 2241. *See Peterman*, 249 F.3d at 461. Petitioner acknowledges that he has not filed a § 2255 motion. (ECF No. at PageID 4.) He also makes no attempt to show that a § 2255 motion would be "inadequate or ineffective to test the legality of his detention," such that the saving clause would apply. *See* § 2255(e).

The Court finds that Petitioner does not have a remedy under § 2241 to pursue his claim of actual innocence based on a change in statutory interpretation under *Rehaif*. *See Birtha v. Gilley*, No. 22-6030, 2023 WL 6052516, at *2 (6th Cir. Sept. 12, 2023) (recognizing that prisoner's assertion of actual innocence in § 2241 petition based on intervening case of statutory interpretation was foreclosed by *Jones*). Accordingly, the Court **DISMISSES** the § 2241 Petition for lack of subject matter jurisdiction.

## APPELLATE ISSUES

Federal prisoners who file petitions under § 2241 challenging their federal custody are not required to obtain certificates of appealability under 28 U.S.C. § 2253(c)(1). *See Melton v. Hemingway*, 40 F. App'x 44, 45 (6th Cir. 2002) ("[A] federal prisoner seeking relief under § 2241 is not required to get a certificate of appealability as a condition to obtaining review of the denial of his petition"); *see also Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004) (stating that § 2253 "does not require a certificate of appealability for appeals from denials of relief in cases properly brought under § 2241, where detention is pursuant to federal process").

A habeas petitioner seeking to appeal must pay the $505 filing fee required by 28 U.S.C. §§ 1913 and 1917.   To appeal in forma pauperis in a habeas case under § 2241, the petitioner must obtain pauper status under Federal Rule of Appellate Procedure 24(a).   *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).   Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit.   Fed. R. App. P. 24(a)(1).   Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal in forma pauperis, the petitioner must move to proceed in forma pauperis in the appellate court.   *See* Fed. R. App. P. 24(a)(4)-(5).   Because this Court lacks subject matter jurisdiction over Petitioner's § 2241 Petition, the Court finds that any appeal would not be taken in good faith.   The Court therefore **CERTIFIES** under Rule 24(a) that any appeal here would not be taken in good faith, and the Court **DENIES** Petitioner leave to appeal in forma pauperis.

    **IT IS SO ORDERED**.

    s/ S. Thomas Anderson
    S. THOMAS ANDERSON
    UNITED STATES DISTRICT JUDGE

    Date: January 26, 2024.